ON REMAND FROM ALABAMA SUPREME COURT
PATTERSON, Judge.
On certiorari in the instant case, our supreme court announced a two-step process for determination of when the enhancement provision of § 13A-5-6(a)(5), Code of Alabama 1975, applies: First, one of the necessary elements of the underlying felony for which the defendant is convicted must be intentional criminal conduct and, second, the defendant’s conduct must necessarily be the result of a higher degree of culpability. Ex parte McCree, 554 So.2d 336 (Ala.1988). In applying this test to the instant facts, the court determined that “the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked only by a degree of culpability higher than that for which McCree had been found guilty.” Id. at 341. In accordance with this holding, we remand this cause with directions that the trial court vacate McCree’s sentence entered pursuant to § 13A-5-6(a)(5) and resentence McCree under the sentencing provision of § 13A-5-6(a)(3). A return to this remand order should be promptly filed with this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
In compliance with the Alabama Supreme Court’s decision in Ex parte McCree, 554 So.2d 336 (Ala.1988), we remanded this case to the trial court with directions to vacate appellant’s sentence entered pursuant to § 13A-5-6(a)(5), Code of Alabama 1975, and to resentence him under the sentencing provisions of § 13A-5-6(a)(3). The trial court has complied with our directions and has made due return of its action.
The return discloses that the original sentence was vacated and, in a proper proceeding with appellant and counsel present, appellant was sentenced on his conviction of manslaughter to five years’ imprisonment and was ordered to pay $610 restitution and $25 to the Crime Victims Compensation Commission. The sentence was suspended, and appellant was placed on five years’ probation.
Thus, the conviction of manslaughter and the sentence are due to be, and they are hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.